J-S04024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERMAINE SHOCKLEY, | |
| Appellant | No. 1042 EDA 2013 |

Appeal from the PCRA Order March 5, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008078-2007

BEFORE:  BENDER, P.J., SHOGAN, J., and FITZGERALD, J.[*]

CONCURRING MEMORANDUM BY BENDER, P.J.:**FILED DECEMBER 17, 2014**

I concur in the result reached by the Majority under the particular facts of this case.  I write separately to distance myself from the Majority's suggestion that **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), finally decided the issue of retroactive application of the new constitutional rule announced in **Miller v. Alabama**, 132 S.Ct. 2455 (2012).  **See** Majority Decision at 8.  Notably, the **Cunningham** Court did not decide whether **Miller's** holding qualifies as a watershed rule of criminal procedure, satisfying the second exception to the general rule of non-retroactivity delineated in **Teague v. Lane**, 489 U.S. 288 (1989) (plurality).  **See Cunningham**, 81 A.3d at 10 (declining to assess the second **Teague**

---

[*] Former Justice specially assigned to the Superior Court.

exception because the appellant did "not develop[] his argument in such terms"). Additionally, both the **Cunningham** Majority, as well as Justice Castille in his concurring opinion, acknowledged that the Court did not address whether there is a basis under Pennsylvania constitutional law to afford a broader retroactive application to **Miller**. **See Cunningham**, 81 A.3d at 9, 13, 17-18 (Castille, J., concurring). Indeed, our Court has recognized that retroactivity arguments premised upon state law – raised in a timely PCRA petition - are not foreclosed by **Cunningham** and could be considered by this Court. **See Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (noting that while the appellant's attempts to circumvent **Cunningham** based upon Pennsylvania state constitutional law "someday may require consideration by our courts," we did not have jurisdiction to examine those claims because they were raised in an untimely PCRA petition).

In this case, Appellant did not raise any of the above-mentioned arguments in his PCRA petition and, therefore, they are not preserved for our review herein. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). However, if at some point **Miller** is held to apply retroactively by either our Supreme Court or the United States Supreme Court, Appellant may seek relief by filing another PCRA petition within 60 days of the date on which such decision is filed.

Justice Fitzgerald joins this Concurring Memorandum.